

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00206-CV

## IN THE MATTER OF THE MARRIAGE OF
## KENNETH BEAIRD AND ELIZABETH BEAIRD,

**From the 13th District Court
Navarro County, Texas
Trial Court No. D12-21779-CV**

## O R D E R

Appellant Elizabeth Beaird is appealing from the final decree of divorce between her and Appellee Kenneth Beaird. In her notice of appeal, she indicates her intent to challenge an interlocutory order disqualifying her trial counsel, Afton Jane Izen, which became final when the trial court signed the final decree of divorce.

Kenneth has filed a motion to disqualify Elizabeth's appellate counsel, Joe Izen, Jr., alleging that Izen's prior representation of him in a substantially related matter creates a conflict of interest that he has not waived.[1]

---

[1] In her response to Kenneth's motion to disqualify her appellate counsel, Elizabeth makes several arguments for why we should reverse the trial court's order disqualifying her trial attorney. Our analysis

Texas Disciplinary Rule of Professional Conduct 1.09 states in relevant part: "Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client … if it is the same or a substantially related matter." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.09(a)(3), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G, app. A (West 2013) (TEX. STATE BAR R. art. X, § 9). Although the term "substantially related" is not defined by the Rule, "it primarily involves situations where a lawyer could have acquired confidential information concerning a prior client that could be used either to that prior client's disadvantage or for the advantage of the lawyer's current client or some other person." *Id.* cmt. 4B. "Confidential information" includes both "privileged information" and "unprivileged client information." *Id.* 1.05(a). "Unprivileged client information" includes "all information relating to a client or furnished by the client, other than privileged information, acquired by the lawyer during the course of or by reason of the representation of the client." *Id.*

Kenneth's affidavit, attached to his reply to Elizabeth's response to his motion to disqualify, states as follows: In May 1996, he consulted with Tommy Westmoreland at the Law Office of Joe Izen, Jr., about filing a divorce. He hired Izen's office to assist him. They drafted a petition, waiver of service for his wife to sign, and the final decree of divorce. Kenneth filed the petition *pro se* in May 1996 in *In the Matter of the Marriage of Kenneth James Beaird and Vennita Kaye Beaird*, Cause No. 96-00-06480-CV. When

---

and ruling in this order is limited, however, to Kenneth's motion to disqualify Elizabeth's appellate counsel.

consulting with Izen's office, he divulged certain information about his property. That property is largely the same property at issue in this divorce. He has not waived the conflict of interest.

Elizabeth argues that this appeal is not the "same or a substantially related matter" to Kenneth's previous divorce proceeding. Specifically, Elizabeth claims that Kenneth has not established or indicated how Izen's continued participation in this appeal would violate any alleged confidences that Kenneth imparted to him in the prior proceeding. Elizabeth asserts that the mere fact that Kenneth owned some of the same separate property during his marriage to her that he owned during earlier marriages is not enough.

But when a lawyer works on a matter, there is an irrebuttable presumption that the lawyer obtained confidential information during the representation. *In re Guar. Ins. Servs., Inc.*, 343 S.W.3d 130, 134 (Tex. 2011) (orig. proceeding). And Elizabeth does not challenge Kenneth's statement that Izen's firm formerly assisted Kenneth in filing a *pro se* petition in a previous divorce proceeding. Izen therefore could have acquired confidential information concerning Kenneth during the previous divorce proceeding that could be used either to Kenneth's disadvantage or for Elizabeth's advantage in this appeal from the final decree of divorce between Kenneth and Elizabeth. We thus conclude that this proceeding is substantially related to Kenneth's previous divorce proceeding.

Kenneth's motion to disqualify Elizabeth's appellate counsel, Joe Izen, Jr., is granted. All other pending motions are dismissed as moot.

Because of the disqualification of Elizabeth's appellate counsel, her appellant's brief is due 60 days from the date of this order.

PER CURIAM

Before Chief Justice Gray,
         Justice Davis, and
         Justice Scoggins
         (Chief Justice Gray dissenting with a note)*
Order issued and filed January 22, 2015
Do not publish

*        (Chief Justice Gray dissents.  A separate opinion or order will not follow.  He notes, however, that the alleged disclosure of confidential information being imputed to Joe Izen, Jr. is from a prior divorce almost 20 years ago.)

